Filed 4/28/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PHILIP B. OBBARD, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> STATE BAR OF CALIFORNIA, <br><br>    Defendant and Appellant. | A155106 <br><br> (County of San Francisco <br> Super. Ct. No. CPF-17515590) |

The State Bar of California (State Bar) argues that respondent Philip B. Obbard, a research attorney for the Superior Court of the State of California, is not a state employee and is not, therefore, exempt from the State Bar's mandatory continuing legal education requirements. (See Bus. & Prof. Code, § 6070, subd. (c) [exempting "employees of the State of California"]).[1]  The trial court disagreed and entered judgment for Obbard. We affirm.

### BACKGROUND

### A.

In 1989, the Legislature enacted section 6070, which prompted the creation of the State Bar's mandatory continuing legal education program. (*Hoffman v. State Bar of California* (2003) 113 Cal.App.4th 630, 636; § 6070, subd. (a); Cal. Rules of Court, rule 9.31.)  The legislation is intended to

---

[1] Undesignated statutory references are to the Business and Professions Code.

protect consumers by enhancing the competency of California's attorneys. (*Warden v. State Bar* (1999) 21 Cal.4th 628, 634.) It establishes minimum requirements for the continuing education program. (§ 6070, subd. (a).) Subdivision (c) of the statute exempts certain groups of attorneys, including "[f]ull-time employees of the State of California, acting within the scope of their employment." (§ 6070, subd. (c).)

**B.**

When the State Bar first implemented the continuing education program in 1992, two State Bar employees informally concluded attorneys employed by the superior court are not "employees of the State of California" and thus not exempt under section 6070, subdivision (c). This conclusion was never reduced to writing or approved by executives at the State Bar.

Obbard is a member of the State Bar and a fulltime research attorney at the superior court in Alameda County. In late 2016 and early 2017, when Obbard was due to report his continuing education compliance, he sent letters to the State Bar, asserting his position that he is exempt from the requirement by virtue of his employment with the superior court. The State Bar rejected his position, contending that he is employed by the superior court, not by the State of California. The State Bar conceded that superior courts are funded by the state but reasoned Obbard is not a state employee because his paychecks are issued by the superior court (rather than the State Controller) and he is "covered by different labor rules and collective bargaining agreements than those of State Employees."

But the State Bar has been inconsistent on this point. In continuing education audits of other superior court research attorneys, the State Bar accepted the attorneys' position that they are exempt as state employees

2

under section 6070, subdivision (c). The State Bar now characterizes these decisions as mistakes.

## C.

Obbard filed a petition for writ of mandate (Code Civ. Proc., § 1085) and a complaint for declaratory relief (*id*., § 1060), asking the trial court to decide whether superior court attorneys are "employees of the State of California" as used in section 6070, subdivision (c).

The trial court granted Obbard's petition. The trial court explained, "Both [Obbard] and the State Bar proffer reasonable, albeit wholly inconsistent, interpretations [of the exemption] that are at least arguably supported by the history and structure of the employment status of California trial court attorneys. . . . [¶] The decisive factor in choosing between the two interpretations is that the State Bar's interpretation . . . presents a serious equal protection problem because there is no rational basis why California trial court attorneys should be required to comply with the State Bar [continuing education] program when attorneys employed by the California Supreme Court, California Courts of Appeal and California Judicial Council are exempt." To avoid an equal protection conflict, the trial court adopted Obbard's interpretation.

The trial court entered judgment in Obbard's favor, ordering the State Bar to "cease requiring that attorneys employed full-time by a superior court of the State of California comply with the State Bar's mandatory continuing legal educational program established pursuant to . . . section 6070(a)."

## DISCUSSION

The State Bar contends the trial court erred in construing "employees of the State of California," as used in section 6070, subdivision (c), to include employees of the superior courts. We disagree.

3

**A.**

We independently review the trial court's interpretation of a statute (*Alameda County Management Employees Assn. v. Superior Court* (2011) 195 Cal.App.4th 325, 339, applying the familiar rules of statutory interpretation. (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 630.)

**B.**

The issue here is simple. Section 6070 exempts "employees of the State of California" from the State Bar's mandatory continuing education requirements but does not define that phrase. (§ 6070, subd. (c).) When a statute refers to "employees" without defining the term, "courts have generally applied the common law test of employment." (*Metropolitan Water Dist. v. Superior Court* (2004) 32 Cal.4th 491, 500.) The principal common law test of an employment relationship is whether the employer has the right to supervise and control the work and to discharge the worker. (*Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.4th 522, 531.) Thus, the question is whether the State of California supervises and controls the work of superior court research attorneys. It does.

The presiding judge of each superior court is a state officer (Cal. Const., art. VI, § 16), who controls the hiring, firing, and supervision of superior court employees, or delegates those duties to the court's executive officer. (Cal. Rules of Court, rules 10.603(c)(5), 10.610(a) and (c)(1).) The superior court is part of the state judicial branch (Cal. Const., art. VI, §§ 1 and 4), administered by the state Judicial Council (*id.*, § 6), and funded through the state budget process. (See Gov. Code, § 68502.5.) Obbard's salary is part of the superior court's operations costs, for which the state is responsible. (Gov. Code, §§ 77200, 77003, subd. (a)(2).) Obbard is indeed a state employee.

4

This interpretation is consistent with the rationale for the state employee exemption from the mandatory continuing legal education program. The continuing education requirement is intended to protect consumers, i.e., attorneys' clients. (*Warden v. State Bar*, *supra*, 21 Cal.4th at pp. 645-646.) The exemption applies to categories of attorneys that generally do not represent clients (*ibid.*), which, as the trial court noted, applies equally to research attorneys for the Supreme Court, the courts of appeal, and the superior court.[2]

## C.

The State Bar is determined to make the issue more complicated than necessary. None of its arguments has merit.

## 1.

The State Bar concedes that Obbard is a superior court employee but argues he is *not* a state employee. To prove this, the State Bar offers a five-factor test: state employees are (1) paid directly by the State Controller; (2) subject to hire, supervision, discipline, or discharge by the State of California; (3) subject to state civil service rules; (4) subject to the Ralph C. Dills Act (Gov. Code, §§ 3512-3524) for collective bargaining; and (5) required to participate in the California Public Employees Retirement System.

We need not address these factors for two reasons. First, nothing about the phrase "employees of the State of California" in section 6070 suggests that it is narrowly limited in this manner. We give the words their ordinary, commonsense meaning. (*Riverside County Sheriff's Dept. v. Stiglitz, supra,*

---

[2] Our decision does not mean that superior court research attorneys are no longer required to participate in a continuing legal education program. As Obbard concedes, they remain subject to the judicial branch's mandatory continuing education program. (Cal. Rules of Court, rules 10.452, 10.474, 10.479.)

5

60 Cal.4th at p. 630.)  Second, the State Bar points to no authority requiring all state employees to meet any of these factors, much less all of them.  In fact, the State Bar concedes that the factors do *not* apply to all state employees.

The state is entitled to create different processes and rules for employee paychecks, benefits, and collective bargaining for different groups of its own employees.  (See, e.g., Cal. Const., Art. VII, § 4, subd. (b) [exempting judicial branch employees from civil service rules]; Gov. Code, § 3513 [excluding numerous groups of employees from definition of "state employee" for purposes of collective bargaining]; *id.*, § 3524 et seq. [collective bargaining for Judicial Council employees]; *id.*, § 71630-71639.3 [collective bargaining for trial court employees].)  These are simply policy decisions that the state has made over time to manage its sprawling workforce.  Such policy decisions have no bearing on the scope of the continuing education exemption before us.

Obbard is a superior court employee *and* a state employee.  This poses no contradiction.  All state employees work for specific agencies, departments, boards, courts, or other units of state government.

**2.**

Like the trial court, we decline to defer to the State Bar's interpretation of section 6070.  The proper definition of "employee[] of the State of California" is not a technical issue within the State Bar's area of expertise.  (See *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12; § 6001.1 [State Bar has "licensing, regulatory, and disciplinary functions"].)  Nor has the State Bar demonstrated it adopted the interpretation after careful consideration by senior State Bar officials.  (See *Heckart v. A-1 Self Storage, Inc.* (2018) 4 Cal.5th 749, 769, fn. 9.)  Finally, the

6

record suggests the State Bar has applied the interpretation inconsistently by granting continuing education exemptions to other research attorneys employed by the superior court.  (*Yamaha, supra*, 19 Cal.4th at p. 13 [" '[A] vacillating position . . . is entitled to no deference.' "].)

**3.**

The State Bar contends we must narrowly construe "employees of the State of California" to exclude employees of the superior courts because the Legislature rejected language proposing to exempt "full-time employees of the State of California, o*r of any political subdivision thereof*[.]"  (Sen. Bill No. 905 (1989-1990 Reg. Sess.) as amended June 1, 1989 and August 30, 1989, italics added; § 6070, subd. (c).)  The argument fails because superior courts are not, and never were, political subdivisions.  (See Cal. Const., art. VI, §§ 1, 4.)

**4.**

Finally, we reject the State Bar's contention that the Legislature created a special employment status for trial court employees, 11 years after enacting section 6070, that excludes them from the exemption for state employees in section 6070, subsection (c).

Some background is helpful.  In 1997, the Legislature enacted the Lockyer-Isenberg Trial Court Funding Act (Assem. Bill No. 233 (1997-1998 Reg. Sess.), added by Stats. 1997, ch. 850, §§ 1, 46, pp. 5968-6021), which was intended to "transfer all fiscal responsibility for the support of the trial courts from the counties to the State of California."  (Gov. Code, § 77212, subd. (a); accord, *id.*, § 77200.)

Similar legislation had failed the year before due to disagreements over how to handle personnel issues such as collective bargaining.  (Trial Court Funding Workgroup, Report to the Judicial Council of California and

Governor Edmund G. Brown, Jr. (2013) pp. 6, 14.) It was a complicated problem because each superior court in the state's 58 counties had different employee classification systems, salary structures, retirement systems, and other arrangements. (Task Force on Trial Court Employees, Final Report (Dec. 1999) § I, p. 8 (Final Report).) The 1997 legislation finessed the issue by creating a task force to recommend "an appropriate system of employment and governance for trial court employees." (Gov. Code, § 77600.) (Trial Court Funding Workgroup, Report to the Judicial Council of California and Governor Edmund G. Brown, Jr. (2013) p. 14.) Among other assignments, the task force was instructed to examine issues "relating to the establishment of a local personnel structure for trial court employees under (1) court employment, (2) county employment . . . , (3) state employment . . . , or (4) other options identified by the task force." (Gov. Code, § 77603, subd. (g).)

The task force report explains that, under each of the options, the trial court would have the authority to hire and fire employees, lead collective bargaining, and have final authority over employee benefits. (Final Report, *supra*, at § IV, p. 23.) Under the "state employment" option, the employees would be employed by the judicial branch rather than the trial court, and thus the judicial branch's statewide personnel rules would apply, and it would be more involved in collective bargaining and benefits. (Final Report, *supra*, at § IV, p. 23.) The task force settled on option 1—court employment—and developed recommendations for employee salaries, collective bargaining, benefits, personnel files, and other issues. (Final Report, *supra*, at pp. 1-2.)

Following the task force's report, the Legislature enacted the Trial Court Employment Protection and Governance Act (Stats. 2000, ch. 1010, Sec. 14; Gov. Code, § 71600 et seq.), which, consistent with the task force

recommendations, adopted a decentralized approach to employment issues, essentially placing responsibility for personnel issues with each of the trial courts. (Trial Court Funding Workgroup, Report to the Judicial Council of California and Governor Edmund G. Brown, Jr. (2013) p. 14.) It defines a "trial court employee" as a person who is paid from the trial court's budget and is subject to the trial court's authority to control, hire, supervise, discipline, and terminate employment. (Gov. Code, § 71601, subd. (l).)

Relying on this legislation and the task force report, the State Bar argues the Legislature created a classification for trial court employees that excludes them from state employment for purposes of the continuing education exemption in section 6070, subdivision (c). The Legislature did no such thing. The legislation and task force report relate solely to employee personnel issues managed by the trial courts, and they were intended to implement a decentralized personnel system tailored to address the unique problems of transitioning the superior courts to full state funding. (Gov. Code, § 71600 et seq.) The State Bar's argument hinges on a statutory definition of "trial court employee" that is explicitly limited to the chapter in which it appears (Gov. Code, § 71601, subd. (l) ["For purposes of this chapter . . . ."]). Nothing suggests the Legislature intended to exclude trial court employees from the continuing legal education exemption in section 6070, subdivision (c).

We need not address the parties' remaining arguments.[3]

---

[3] Obbard asked us to take judicial notice of a Judicial Council report regarding judicial branch education and other judicial branch job descriptions. We deferred ruling on the unopposed request and now deny it because the documents Obbard asks us to notice are irrelevant. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1.)

**DISPOSITION**

The judgment is affirmed.  The State Bar shall bear Obbard's costs on appeal.

_____

BURNS, J.

We concur:

_____

JONES, P.J.

_____

NEEDHAM, J.

A155106

Superior Court of San Francisco County, Case No. CPF-17515590, Judge Harold E. Kahn

Vanessa L. Holton, General Counsel, Robert G. Retana, Deputy General Counsel, and Sean T. Strauss, Assistant General Counsel of the State Bar of California, for Defendant and Appellant.

Philip B. Obbard, in pro. per., for Plaintiff and Respondent.